(No. 5937—▮▮▮▮▮▮)

JAMES J. GRAMLICH, JR., *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1981.*

SMITH, LARSON & PITTS (ROBERT H. GREGORY, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter is before the Court on a commissioner's report and briefs filed by Claimants and Respondent.

The parties to this suit dispensed with a hearing and turned over to the commissioner the circuit court depositions and records relative to this case.

This is a case involving a one-car accident with no eyewitnesses that occurred on the evening of October 10, 1969. Claimants were passengers in an automobile driven by Don Johanntosettel which was traveling in a westerly direction on a State-maintained frontage road adjacent to Interstate 70 between Greenville and Highland, Illinois. The frontage road ended at an unmarked "T" intersection with a township road. The automobile in which Claimants were riding collided with and went through a guardrail and plunged down a steep embankment after traveling 130 feet in the air.

It is Claimants' contention that due to the fact the State had not erected stop or warning signs at this particular intersection, it was the State's negligence that caused the accident in question.

The record indicates that the Claimants had been drinking and that the driver, Don Johanntosettel, and Claimant James J. Gramlich were intoxicated. There was also testimony indicating that Claimants were evading the police and that the car was traveling at a very high rate of speed prior to and at the time of the accident.

The record indicates that a dramshop suit was settled for $250.00 per Claimant and there were covenants not to sue indicating that the driver of the automobile paid certain specific amounts to each of the three passengers. The record also indicates that the contractor who built the road was found to be not liable for the accident.

The record is clear that there were no stop signs or warning signs at the intersection in question and that

there had not been any prior accidents at this intersection, as far as Respondent's records indicated.

The record is completely void of any knowledge by the State that this was a dangerous intersection or that there had been any previous accidents at this intersection.

There is evidence in the record showing that the automobile in which Claimants were riding had run a stop sign in Greenville and, by speeding, had evaded the local police officer, and that the driver was intoxicated and driving at speeds up to 80 miles per hour. One of the Claimants testified that he had been uneasy about getting into the car and had considered trying to get out of the car because of the excessive speed at which it was being driven. The record discloses that the driver of the automobile, according to the testimony of one of the passengers, was intoxicated and had drunk ". . . two six packs, maybe more." The record shows that two of the passengers in the car had requested that the driver slow down which he failed to do.

Claimants, in their brief, state that Respondent's failure to erect warning or stop signs on and along the frontage road was the cause of the accident. They completely ignore the record showing that the driver of the automobile was intoxicated and the other three passengers had all been drinking. Claimants fail to indicate on what basis they believe the driver of the car would have observed a warning or stop sign if it had been erected when he completely ignored signs relative to the speed limit, and a stop sign in the village of Greenville. It is the Court's opinion that no sign would have been observed or obeyed at the point in question.

In the case of *Shirar v. State of Illinois*, 25 Ill. Ct. Cl. 256, this Court made a statement particularly apropos to the cited statute. In the *Shirar* case, the Court stated:

"The Court concludes that it must follow that failure to maintain a sign which was not required to be placed in the first instance, in no way constitutes negligence."

This Court has repeatedly held that before there can be recovery in cases such as the present case, Claimants must prove that Respondent's negligence was the proximate cause of the accident, and that Claimants are free from contributory negligence. See *Barotta v. State*, 31 Ill. Ct. Cl. 415; *Clark v. State*, 30 Ill. Ct. Cl. 32; *Cipolla v. State*, 30 Ill. Ct. Cl. 565; and *Illinois Ruan Transport Corporation v. State*, 28 Ill. Ct. Cl. 323.

To hold that individuals who are riding with a drunk driver and traveling at speeds up to 80 miles per hour, totally disregarding all stop signs and other signs, are not guilty of contributory negligence and are acting to protect their own safety and well-being would make the State an insurer of every individual using its roadways.

It is the Court's opinion that Claimants failed in every respect to meet the requirements to make the State of Illinois responsible for their own misconduct.

Award denied.